Boerman, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, negando una anotación.

No. 566.—Resuelto en abril 16, 1923.

Anotación de Demanda en el Registro—Artículo 20 de la Ley Hipotecaria— Debido Proceso de Ley.—Una moción para anular la sentencia dictada en

pleito· de ·filiación fallado a favor de la demandante, quien a virtud de la sentencia adquirió cierto condominio que inscribió a su nombre y traspasó luego a título de venta, no puede anotarse en el registro al amparo del artículo 91 del Código de Enjuiciamiento Civil, pues permitir la anotación sería permitir que el comprador, que no ha sido parte en el procedimiento, quedara expuesto a ser privado de su propiedad sin ser oído.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sra. H. Tormes.*

El registrador recurrido compareció por escrito.

EL· JUEZ ASOCIADO· SR. FRANCO SOTO, emitió la opinión del tribunal.

Alegando hacer uso del artículo 91 del Código de Enjuiciamiento Civil, Mrs. Charles M. Boerman solicitó del registrador de la propiedad, la anotación de una moción mediante la cual pedía a la corte de distrito dejar sin· efecto cierta sentencia por la que se declaró a Amelia M. Marrero hija natural reconocida del finado Charles M. Boerman, y se le adjudicó como consecuencia de dicha sentencia parte de una finca, inscrita al folio 104 del tomo 63 de la sección 1ª. del Registro de San Juan.

El registrador denegó la anotación· por el fundamento que consignó en la siguiente nota:

"Denegada la anotación que se solicita en el anterior documento por hallarse inscrito el condominio de 3.601 dollars 46 centavos a favor de Don Jorge Romany y Delgado, que no ha sido demandado y es persona distinta de las partes litigantes,· y se toma en su lugar anotación preventiva por término legal con vista de una copia de la moción presentada a la Corte interesando se deje sin efecto la sentencia dictada en el pleito."

No conforme con la calificación del registrador, se estableció por la recurrente el presente recurso.

Del récord resulta que después de haberse adjudicado a Amelia M. Marrero el condominio que fué inscrito a su nombre en el registro, la citada Marrero vendió al mismo Jorge Romaní y Delgado, por escritura otorgada el 4 de febrero de 1922, ante el notario José Tous Soto, inscribiéndose luego dicha venta en el registro a favor del comprador. Aparece

además, que la moción que se pretende anotar en el registro como aviso de demanda, se presentó en el pleito de filiación iniciado a nombre de Amelia M. Marrero, después de dictada sentencia en favor de la demandante, con el propósito de obtener la nulidad de la referida sentencia, así como de todo lo actuado en dicho pleito.

Asumiendo, para los efectos solos de la argumentación, que una moción como la presentada, equivale a un aviso de demanda, no vemos, sin embargo, la posibilidad de que pudiera anotarse en el registro cuando el condominio sobre el cual tenía que producir sus efectos conforme a lo que se pretende, había pasado y estaba inscrito a nombre de persona distinta de la demandante, Amelia M. Marrero.   Esto, sin duda, afectaría en su esencia el artículo 20 de la Ley Hipotecaria que si bien por su letra parece referirse solamente cuando se trata de transferencias de dominio, posesión o derechos reales, es lo cierto que su espíritu alcanza a los embargos o a los avisos de demanda que autoriza el artículo 91 del Código de Enjuiciamiento Civil.   Nuestra conclusión en este punto podemos verla confirmada en el comentario que hace Galindo, en su obra sobre Legislación Hipotecaria, del artículo 20, diciendo, en parte, lo siguiente:

" * * *, Si el juez, en juicio civil o criminal, ordena el embargo de fincas, o en juicio ordinario prohibe su enajenación, o decreta la anotación de demanda, no podrá anotarse el mandamiento, si las fincas en él comprendidas no aparecen inscritas a nombre de la persona contra la que se decretó el embargo o la prohibición de enajenar, o a nombre del demandado, según los casos, así como tampoco se inscribirán las adjudicaciones de fincas, si no constan inscritas a favor de la persona contra quien se hubiere seguido el procedimiento."   Galindo, Legislación Hipotecaria, Tomo 2, pág. 155

Por otra parte teniendo en cuenta lo que en potencia significa la anotación que se pide, su finalidad en la sentencia sería la cancelación de las inscripciones verificadas no sólo a favor de Amelia M. Marrero sino también de su comprador

Jorge Romaní y Delgado, quien no ha sido parte en el procedimiento y a quien no podía perjudicar la resolución de la corte en caso de accederse a la solicitado en la moción, por el principio de que nadie puede ser vencido en juicio sin ser oído, o lo que es lo mismo: el comprador sería despojado de su propiedad sin el debido procedimiento de ley, que es precisamente lo que ha previsto el artículo 82 de nuestra ley hipotecaria cuando, refiriéndose a las formas cómo debe cancelarse una inscripción o anotación preventiva, dispone que no se podrá cancelar una u otra hechas en virtud de escritura pública, sinó por providencia ejecutoria, para lo cual necesariamente tenía que oirse a las partes a quienes podía perjudicar la cancelación; y así en lo pertinente el citado artículo, dice:

"Art. 82.—Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona cuyo favor se hubiese hecho la inscripción o anotación, o sus causa-habientes o representantes legítimos.

"Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo."

Pero examinando estrictamente los términos de la moción que se quiere hacer valer como un verdadero aviso de demanda, no puede considerarse comprendida como tal en el artículo 91 del Código de Enjuiciamiento Civil, que invoca la recurrente para pedir su anotación en el registro, porque no se trata de una verdadera demanda en la que se haya comprendido todas las partes que del registro aparecen con interés en el condominio y cuya cancelación se interesa obtener por medio de una simple moción.

La recurrente sostiene, no obstante, que el comprador Romaní no es tercero e insiste en que ha debido verificarse

la anotación. Esto nos conduciría a entrar de lleno en el fondo de la cuestión y en este recurso carecemos de jurisdicción para que discutiéramos los méritos del caso y, bajo esta consideración, tampoco nos sería permitido examinar la jurisprudencia que cita la recurrente en la que se discute y examina el carácter de tercero por no ser de oportunidad su aplicación a la cuestión planteada en el presente recurso.

Por todo lo expuesto, se confirma la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.